IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DINAPLES, on behalf of herself and all others similarly situated,<br>   Plaintiff<br><br>v.<br><br>MRS BPO, LLC<br>and JOHN DOES 1-25,<br>   Defendants | No. 2-15-cv-01435-MRH<br><br>COMPLAINT – CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Defendant, MRS BPO, LLC ("MRS"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by exposing personal identifying information visibly on the outside of its self-mailing collection letters placed in the mail.

2. As a direct and foreseeable result of MRS' wrongful actions, Plaintiff suffered injury including exposure of her financial information.

3. This is a consumer protection class action for statutory damages, attorney's fees and costs brought by Plaintiff for MRS' violations of the FDCPA, which prohibits debt collectors from engaging in unfair or unconscionable means to collect or attempt to collect debts.

4. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Westmoreland County, Pennsylvania, which is within this District, and because a substantial part of the events giving rise to the claim occurred in this District.

7. This Court further has jurisdiction over this action because the Plaintiff has suffered an actual injury as a result of the Defendant's action. In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) the Supreme Court reaffirmed the well-established principle "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. At 7 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

8. *Spokeo* also reaffirms the longstanding principle that the required "legally protected interest" may be an interest that Congress has granted legal protection by creating a statutory right. See *id*. at 9 (reaffirming that "Congress may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law'" (quoting *Lujan*, 504 U.S. at 578) (alteration omitted)); *accord Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing" (quotations omitted)).

9. An intangible injury can also be concrete. *Id*. at 9.

10. In assessing whether an intangible injury is sufficiently "concrete," the Court recognized that "Congress is well positioned to identify intangible harms that meet minimum Article III requirements" and, thus, that "its judgment is … instructive and important." *Id*.

11. Plaintiff alleges that MRS violated the FDCPA by exposing personal identifying information when it mailed her a Collection Letter that exposed her account number on the outside of Defendant's Collection Letter.

12. Plaintiff has therefore suffered the "invasion of a legally protected interest" by having her personal financial information made available to the public on the envelope of MRS' collection envelope.

13. The FDCPA prohibits debt collectors from "us[ing] unfair or unconscionable means" to collect a debt, 15 U.S.C. § 1692f, and it authorizes a consumer to recover actual and statutory damages from "any debt collector who fails to comply with" that provision "with respect to" the consumer, *id*. § 1692k(a).

14. Together, these provisions grant consumers like Plaintiff and the Class members a legally protected interest in not being subjected to unfair or unconscionable debt collection tactics - an interest that MRS invaded.

**PARTIES**

15. Plaintiff, Donna DiNaples ("DiNaples"), is a natural person who resides in Westmoreland County, Pennsylvania and is a consumer as defined in the FDCPA.

16. MRS is a business entity with offices at 1930 Olney Ave, Cherry Hill, NJ 08003.

17. MRS acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

18. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**STATEMENT OF CLAIM**

19. DiNaples allegedly incurred a Chase Bank USA, N.A. debt (the "Debt").

20. The Debt was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. On or about November 4, 2014, MRS mailed a collection letter to DiNaples in an attempt to collect the Debt (the "November 4 Letter"). A copy of the November 4 Letter, redacted for security purposes, is attached hereto as Exhibit A.

22. The November 4 Letter mailed by Defendant was a 'self-mailer', which is a letter that is not mailed in an enclosing envelope, but one which the name and address of the recipient, along with the postage, is printed directly on the folded letter.

23. The November 4 Letter was a collection letter that was placed into the mail and mailed to DiNaples at her home in Westmoreland County, Pennsylvania.

24. Visible on the exterior of the the November 4 Letter, to the left of the postage, was a quick response code which, when scanned, produced a number ending in 1813.

25. Barcodes can be easily deciphered by consumers using widely available free applications for smartphones. May consumers have these applications already installed on their smartphones to enable them to access certain types of barcodes. Barcodes are often used in marketing literature by many companies to enable consumers to direct their smartphone to a website merely by scanning the code. Thus, many consumers have installed barcode readers on their phones to take advantage of the convenience offered by scanning certain types of barcodes.

26. The quick response code visible on the exterior of the collection letter could be easily scanned by anyone with a smartphone, as scanning applications are readily available to the public for free. *See, e.g.,* https://play.google.com/store/apps/details?id=com.google.zxing.client.android, showing that a scanner called the "Barcode Scanner" has over 100 million downloads.

27. The November 4 Letter identified the number ending in 1813 as being the account number for the Debt.

28. The account number ending in 1813 is a unique account number, assigned by MRS solely to the Plaintiff's collection file.

29. The account number ending in 1813 is used by MRS to identify the Plaintiff as a debtor whose account is being collected on by MRS.

30. On at least one occasion, and maybe more, MRS exposed DiNaples' account number on the letter it sent through the mail.

31. The account number constitutes personal identifying information, which is protected by law.

32. Congress has identified, at section 1692f(8) of the FDCPA, the risk of harm caused by disclosing personal identifying information on debt collection envelopes. Congress therefore has prohibited a debt collector such as Defendant from using unfair or unconscionable means to collect or attempt to collect a debt, specifically including "[u]sing any language or symbol, other than the

debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

33. The account, reference or registration number assigned by Defendant to the Plaintiff are each a piece of information capable of identifying Plaintiff as a debtor, and thus the disclosure has the potential to cause harm to a consumer and directly implicates and controverts individual privacy concerns which are a core concern animating the FDCPA. 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

34. The account number is not meaningless – it is a piece of information capable of identifying Plaintiff as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.

35. Defendant has violated section 1692f(8) of the FDCPA as to the Plaintiff and the members of the Class hereinafter defined, by disclosing the account, reference or registration number or code assigned to consumers on the outside of the collection envelope. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014); *Palmer v. Credit Collection Services, Inc.*, 2015 WL 9315988 (E.D. Pa. Dec. 22, 2015) (granting summary judgment in favor of plaintiff); *Kostik v. ARS National Services, Inc.*, 2015 WL 4478765 (M.D. Pa. July 22, 2015) (same).

36. Through the FDCPA, Congress created statutory legal rights for consumers to be free from certain abusive debt collection practices, including the disclosure of personal identifying information on the outside of the collection letter.

37. Specifically, the FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt

collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

38. As a result of Defendant's conduct, the consumer class members such as Plaintiff have suffered concrete injuries. In addition to having their privacy invaded, consumer class members have had their personal identifying and account-related information unnecessarily disseminated by the Defendant, and, upon information and belief, to its related information-sharing affiliates and/or other third parties. Defendant's practice has subjected consumer class members to an imminent or substantial increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

39. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

40. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

41. On information and belief, Defendant sent a collection letter in the form annexed hereto as Exhibit A to at least 50 natural persons in the Commonwealth of Pennsylvania within one year prior to the date of this Complaint.

**CLASS ACTION STATEMENT**

42. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

43. Plaintiff proposes to define the class as follows:

    a. All Pennsylvania consumers;

    b. Who were sent one or more collection letter(s) from MRS;

   c. Attempting to collect a consumer debt allegedly owed to Chase Bank USA, N.A.;

   d. Which contained a quick response code visible on the exterior of the letter which, when scanned, produced an account number;

   e. During the one year prior to the filing date of Plaintiff's Complaint.

44. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

45. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who received debt collection letters or notices from the Defendant that violate specific provisions of the FDCPA.

46. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendant violated the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendant's conduct; and

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

47. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

48. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

49. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

50. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

51. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Most are probably unaware that the FDCPA, and their rights, have been violated. Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

52. MRS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt as described above.

53. MRS violated 15 U.S.C. § 1692f(8) by using language or a symbol on any envelope when communicating with a consumer by mail as described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Mark G. Moynihan, Esq. of Moynihan Law, P.c. and Yitzchack Zelman, Esq. of Marcus & Zelman, LLC as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury as to all issues so triable.

                              Respectfully submitted,

Dated: <u>September 19, 2016</u>    By:    <u>/s/ Mark G. Moynihan</u>
                                              Mark G. Moynihan, Esquire
                                              Attorney for Plaintiff
                                              PA 307622
                                              **MOYNIHAN LAW, P.C.**
                                              112 Washington Place, Suite 1N
                                              Pittsburgh, PA 15219
                                              Phone: (412) 889-8535
                                              Fax: (800) 997-8192
                                              Email: mark@moynihanlaw.net

                                              <u>/s/ Yitzchak Zelman</u>
                                              Yitzchak Zelman, Esquire
                                              Attorney I.D. #YZ5857
                                              **MARCUS & ZELMAN, LLC**
                                              1500 Allaire Avenue, Suite 101
                                              Ocean, New Jersey 07712
                                              Phone: (732) 695-3282
                                              Fax: (732) 298-6256
                                              Email: yzelman@marcuszelman.com